CORNELIUS E. DRISCOLL *vs.* JOHN F. STANFORD.

Cumberland. Opinion August 2, 1882.

*Poor debtor's disclosure. Citation. Amendment. Stat. 1878, c. 59, § 2.*

The citation to the creditor in a poor debtor's disclosure erroneously gave the date of the judgment as 1879 instead of 1878; the creditor had recovered no other judgment against the debtor, and on motion the justices allowed an amendment correcting the error. *Held,* That the amendment was properly within the provisions of stat. 1878, c. 59, § 2, and in strict accordance with the uniform current of authorities on the subject.

ON EXCEPTIONS.

Debt on poor debtor's bond. The writ was dated December 2, 1879; the plea was general issue, with brief statement setting up performance of one of the conditions of the bond.

The facts sufficiently appear in the opinion.

*P. J. Larrabee,* for the plaintiff.

The citation was fatally defective and the justices, therefore, never acquired jurisdiction. *Poor* v. *Knight,* 66 Maine, 482; *Knight* v. *Norton,* 15 Maine, 337; *Neil* v. *Ford,* 21 Maine, 440; *Slasson* v. *Brown,* 20 Pick. 436. Hence they could not allow the amendment. It was not of the nature intended to be authorized by stat. 1878, c. 59.

*William Emery,* for the defendant.

APPLETON, C. J. This is an action of debt on a poor debtor's bond. The defence relied upon, is a disclosure and discharge by the justices, before whom the disclosure was had.

The objection taken, is that the citation when served on the creditor, erroneously stated the year of the rendition of the judgment on which the execution was issued, by virtue of which, the defendant was arrested and gave the bond in suit.

The plaintiff was duly notified of the time and place of hearing the defendant's disclosure. He neglected to appear. Not

appearing, the debtor chose one justice and the other was chosen by the officer by whom the citation had been served.

The defendant then moved that the citation be amended by a change of the year in which judgment had been rendered, from 1879 to 1878. In all other respects the judgment was accurately described. The plaintiff had recovered no other judgment against the defendant and could hardly fail to perceive the mistake in the date of the judgment to which the citation referred.

The justices allowed the amendment. This, they could properly do, within the provisions of the statute of 1878, c. 59, § 2, which enacts that, "no citation shall be deemed incorrect for want of form only, or for circumstantial errors or mistakes, when the person and case can be rightly understood. Such errors and defects may be amended on motion of either party."

Had the certificate of discharge followed the judgment as described in the citation, it would have constituted no bar to this suit, as was decided in *Poor* v. *Knight,* 66 Maine, 482, and cases there cited. It was to prevent such a result, by allowing the citation to be amended, that the act of 1878 was passed. The amendment permitted by the justices was in strict accordance with the uniform current of authorities on the subject. *Ripley* v. *Hebron,* 60 Maine, 379 ; *Prescott* v. *Prescott,* 65 Maine, 478 ; *Cooper* v. *Bailey,* 52 Maine, 230.

*Exceptions overruled.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.